IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ROBERT J. PRESLEY,

    Petitioner,

v.  CASE NO. 4:08 -cv-518-SPM-AK

WALTER A. MCNEIL,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

This habeas matter is before the Court on Doc. 1, Petitioner for Writ of Habeas Corpus. Having carefully considered the matter, the Court recommends that the instant petition be denied as untimely.

Section 2254 petitions are subject to a one-year statute of limitations. 28 U.S.C. § 2244(d)(1). This limitations period runs from the latest of the following: the date on which the state court judgment became final; the date on which an unconstitutional impediment which prevented the applicant from filing is removed; the date on which the right asserted was recognized by the United States Supreme Court and made retroactive on collateral review; or the date on which the factual predicate for the claim could have been discovered by due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D). Section 2241(d)(1) applies to habeas petitions challenging parole revocation. *Peoples v. Chatman*, 393 F.3d 1352, 1353 (11th Cir. 2004). Only subsections (A) and (D) are at issue in this case.

On January 17, 2001, Petitioner was found guilty of violating his parole and sentenced to life imprisonment. Doc. 1. Thereafter, Petitioner "apparently waited more than two years before

filing [a state court] petition for habeas corpus challenging his parole revocation." *Presley v. Florida Parole Commission*, 904 So.2d 573, 574 (Fla. Dist. Ct. App. 2005).  The Court does not know the exact date that the habeas petition was filed in state court, but be that as it may, after wending its way through the state system, the revocation proceedings ended on April 13, 2007, when the court of appeal denied Petitioner certiorari relief.  *See Presley v. State*, 954 So.2d 1162 (Fla. Dist. Ct. App. 2007).  The mandate issued on May 9, 2007.  Petitioner did not subsequently seek further review in any court before filing the instant petition on November 18, 2008, the date the petition was delivered to prison authorities for mailing.

     Under subsection (A), the statute of limitations for seeking habeas relief in this Court began to run with the entry of the revocation order on or about January 17, 2001.  *Chambers v. Florida Parole Commission*, 257 Fed. Appx. 258 (11th Cir. 2007).  Petitioner therefore had one year from that date to seek relief here, a time period that plainly expired before he filed the instant petition.  Though a properly filed motion for post-conviction relief would have tolled the one-year filing period, *id*. at § 2244(d)(2), Petitioner did not, according to the state appellate court, seek relief in state court for more than two years after the entry of the revocation order.  Thus, the instant petition is untimely under subsection (A).

    The petition is likewise untimely under subsection (D).  According to Petitioner, he was not guilty of the violation and pled guilty only after the hearing officer told him that he would recommend reinstatement to parole.  These were the same issues presented to the state court. *See Presley*, 904 So.2d at 574.  These were factual matters which Petitioner knew at the time he entered the guilty plea, and thus, the one-year statute of limitations under subsection (D) was likewise triggered by the entry of the revocation order and had expired before Petitioner ever

sought relief in state court.

Even if the Court gives Petitioner the broadest possible benefit of the doubt and begins the statute of limitations with the entry of the mandate from the denial of certiorari on May 9, 2007, the instant petition remains untimely by over six months.

The time for filing a § 2254 petition may be equitably tolled, but only if a petitioner can show "extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999); *see also Akins v. United States*, 204 F.3d 1086, 1089 (11th Cir. 2000). Petitioner has not attempted to meet this standard, and the Court can glean nothing from the record which would support equitable tolling.

In light of the foregoing, it is respectfully **RECOMMENDED** that the petition for writ of habeas corpus, Doc. 1, be **DENIED AS UNTIMELY**, and this cause be **DISMISSED WITH PREJUDICE**.

**IN CHAMBERS** at Gainesville, Florida, this  *12th*  day of December, 2008.

*s/ A. KORNBLUM*
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**